**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RICHARD E. RHODES, JR.,
2115 Sheri Lynn Way, Apt. 6102
Valley Park, MO 63088,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 4:26-cv-1889

**JURY TRIAL DEMANDED**

**COMPLAINT FOR REFUND OF FEDERAL INCOME TAX (TAX YEAR 2021)**

Plaintiff Richard E. Rhodes, Jr. ("Plaintiff"), by and through undersigned counsel, for his Complaint against Defendant United States of America ("Defendant" or the "United States"), states as follows:

**NATURE OF THE ACTION**

1. This is a civil action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 for the recovery of federal income tax erroneously and illegally assessed and collected from Plaintiff for the taxable year ended December 31, 2021 ("Tax Year 2021"), together with statutory interest as provided by law.

2. The overpayment arises from the Internal Revenue Service's ("IRS") refusal to allow Plaintiff's itemized deduction for wagering losses under 26 U.S.C. § 165(d), even though those losses were documented by casino-issued win/loss statements, Forms W-2G, and Plaintiff's log of gambling activity, and even though they did not exceed Plaintiff's reported wagering gains.

3. Plaintiff also seeks his reasonable litigation costs under 26 U.S.C. § 7430. For nearly three years, the IRS has failed to meaningfully respond to Plaintiff's documentation: it

closed Plaintiff's first claim before asking him for supporting records, ignored the records he then supplied, disallowed his second claim without addressing those same records, and, rather than forwarding his written protest to the IRS Independent Office of Appeals, treated the protest as a new claim and again declined to process it. Plaintiff has been left with no avenue to recover his overpayment other than this lawsuit.

## PARTIES

4. Plaintiff is an individual who resides at 2115 Sheri Lynn Way, Apartment 6102, Valley Park, in St. Louis County, Missouri, within the Eastern Division of the Eastern District of Missouri. The last four digits of Plaintiff's Social Security number are 7103.

5. Defendant is the United States of America, which may be served pursuant to Federal Rule of Civil Procedure 4(i)(1).

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1346(a)(1), which grants the district courts jurisdiction over civil actions against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

7. Venue is proper in this District under 28 U.S.C. § 1402(a)(1) because Plaintiff resides in this District, and in the Eastern Division because Plaintiff resides in Jefferson County, Missouri. See 28 U.S.C. § 105(a)(1).

8. Plaintiff has satisfied all conditions precedent to this action. As set forth below, Plaintiff timely filed administrative claims for refund with the IRS as required by 26 U.S.C. §§

6511 and 7422(a); the IRS mailed Plaintiff a notice of disallowance; and this action is commenced within the time permitted by 26 U.S.C. § 6532(a)(1).

9. Plaintiff has fully paid the federal income tax assessed for Tax Year 2021, including the balance due shown on his original return.

## FACTUAL ALLEGATIONS

### A. Plaintiff's 2021 Wagering Activity

10. Plaintiff is an electrician by trade. During 2021, Plaintiff engaged in recreational slot-machine play at two casinos in the St. Louis area: Hollywood Casino and Ameristar Casino (together, the "Casinos").

11. Plaintiff played using his player's-club (rewards) card at each Casino, which allowed each Casino to electronically track his wagering activity, including coin-in, payouts, and net results.

12. The Casinos issued Plaintiff numerous Forms W-2G, *Certain Gambling Winnings*, for 2021, and Plaintiff reported wagering gains of $187,851 on Schedule 1 of his 2021 return.

13. Each Casino also issued Plaintiff a year-end win/loss statement for 2021 (Hollywood Casino "Overall Net Gaming Results" and Ameristar "Win/Loss Statement"). Those statements reflect that Plaintiff's wagering losses for 2021 equaled or exceeded his wagering gains.

14. Plaintiff also maintained a log of the dates of his visits to the Casinos and his gambling activity during 2021.

### B. The Original Return

15. On or about March 26, 2022, Plaintiff timely filed his 2021 Form 1040, *U.S. Individual Income Tax Return* (the "Original Return"), which was prepared by H&R Block.

16. The Original Return reported Plaintiff's wagering gains as income but, through preparer error, claimed only $31,131 of wagering losses as part of total itemized deductions of

$41,131 on Schedule A, rather than the full amount of Plaintiff's wagering losses up to the amount of his wagering gains.

17. The Original Return reported adjusted gross income of $325,617, total tax of $72,755, and federal income tax withholding of $55,724, resulting in a balance due of $17,031, which Plaintiff paid in full on or about April 19, 2022.

**C. Plaintiff's Administrative Claims for Refund**

18. After the Original Return was filed, Plaintiff received an additional Form 1099-R for 2021 and engaged Melodee Lang, CPA, to review his 2021 return.

19. On or about August 12, 2023, Plaintiff filed a Form 1040-X, *Amended U.S. Individual Income Tax Return*, for Tax Year 2021 (the "First Claim"), which the IRS accepted electronically under Submission ID 43450220232240399I00. The First Claim (i) reported $235 of additional income from the later-received Form 1099-R, and (ii) adjusted Plaintiff's wagering losses to reflect the annual net results of his wagering transactions on a per-establishment basis, increasing his itemized deductions from $41,131 to $188,947 (including $178,947 of wagering losses, which did not exceed his $187,851 of wagering gains). The First Claim reduced Plaintiff's total tax from $72,755 to $27,452 and showed an overpayment of $45,327.

20. By Letter 916C dated November 2, 2023, the IRS acknowledged receipt of the First Claim on August 12, 2023, in the amount of $45,327, and stated that it could not process the claim "because your supporting information was not complete," requesting additional information within 30 days and advising that Plaintiff could "file another claim that includes all of your information." The letter did not state that the claim was disallowed, did not identify any deficiency in the substantiation of Plaintiff's wagering losses, and did not advise Plaintiff of any right to sue.

21. In or about December 2023, Plaintiff, through Ms. Lang, responded to the Letter 916C and provided the IRS with the Casinos' win/loss statements, the Forms W-2G, Plaintiff's

log of gambling activity, and contact information for Casino personnel familiar with Plaintiff's play.

22. The IRS never acknowledged or responded to that submission. When Ms. Lang contacted the IRS in early 2025, an IRS representative advised that the IRS's records showed the matter as closed on October 24, 2023 — before the IRS had even issued its November 2, 2023 request for documentation — and recommended that Plaintiff re-file the Form 1040-X with the supporting documentation.

23. On or about February 11, 2025, Plaintiff filed a second Form 1040-X for Tax Year 2021 (the "Second Claim," and together with the First Claim, the "Claims"), by certified mail, again claiming the wagering-loss deduction of $178,947 and an overpayment of $45,327, explaining the history of the First Claim, and attaching the supporting documentation, including the Casinos' win/loss statements, the Forms W-2G, Plaintiff's log of gambling activity, and contact information for Casino personnel familiar with Plaintiff's play. The IRS recorded the Second Claim as received on February 25, 2025.

24. The Claims were each filed within three years from the time the Original Return was filed and therefore were timely under 26 U.S.C. § 6511(a). The tax Plaintiff seeks to recover was paid within the period prescribed by 26 U.S.C. § 6511(b)(2)(A).

25. The Claims each showed an overpayment of Plaintiff's 2021 federal income tax in the amount of $45,327 (the "Overpayment"), computed as total payments of $72,779 (withholding of $55,748 plus the $17,031 paid with the Original Return) less corrected total tax of $27,452.

**D. The IRS's Disallowance**

26. By Letter 105C dated August 21, 2025 (the "Notice of Disallowance"), the IRS disallowed Plaintiff's claim for refund for Tax Year 2021 in full, sent by certified mail, stating that Plaintiff had "not substantiated the $178,947.00 shown on the Sch A as losses" and asking him to

"submit documentation to substantiate your claim." The Notice of Disallowance did not acknowledge or address the documentation Plaintiff had already submitted in December 2023 and again with the Second Claim.

27. On December 5, 2025, Plaintiff, through undersigned counsel, submitted a written protest of the Notice of Disallowance to the IRS by certified mail, again enclosing the substantiating documentation.

28. The IRS did not forward Plaintiff's protest to the IRS Independent Office of Appeals, and Plaintiff was never offered an Appeals conference. Instead, by Letter 916C dated May 13, 2026, the IRS treated the protest as a new claim "received Dec. 12, 2025," stated that it "can't process your claim," and asserted that "[b]ased on the documentation provided, we can only substantiate $31,130.97 in losses" because "[t]he logs submitted do not clearly reflect the losses reported." The IRS did not explain why the Casinos' own win/loss statements were insufficient.

29. To date, the IRS has not refunded any part of the Overpayment.

## CLAIM FOR RELIEF

### Count I — Refund of Federal Income Tax for Tax Year 2021

30. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31. Under 26 U.S.C. § 165(d), losses from wagering transactions are allowed as a deduction to the extent of gains from such transactions. For taxable years beginning in 2018 through 2025, such losses include any deduction otherwise allowable under Chapter 1 of the Internal Revenue Code incurred in carrying on any wagering transaction. Wagering losses are an itemized deduction that is not subject to the two-percent floor on miscellaneous itemized deductions or the suspension of such deductions. 26 U.S.C. §§ 67(b)(3), 67(g).

32. Plaintiff incurred wagering losses in 2021 of at least $178,947, which did not exceed his wagering gains reported for 2021.

33. Plaintiff's wagering losses are substantiated by records of the kind contemplated by 26 U.S.C. § 6001, Treas. Reg. § 1.6001-1(a), and Rev. Proc. 77-29, 1977-2 C.B. 538, including the Casinos' player's-card win/loss statements, the Forms W-2G, and Plaintiff's log of his wagering activity, and will be further established by testimony at trial.

34. The IRS erred in disallowing Plaintiff's deduction for wagering losses and in refusing to refund the Overpayment.

35. As a result, Plaintiff overpaid his federal income tax for Tax Year 2021 by $45,327, or such greater or lesser amount as may be determined by the Court, and is entitled to a refund of that amount, together with interest as allowed by law, including under 26 U.S.C. § 6611 and 28 U.S.C. § 2411.

**Count II — Reasonable Litigation Costs (26 U.S.C. § 7430)**

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. Under 26 U.S.C. § 7430(a)(2), in any court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, the prevailing party may be awarded a judgment for reasonable litigation costs incurred in connection with that proceeding, including reasonable attorneys' fees.

38. Plaintiff has exhausted the administrative remedies available to him within the IRS, as required by 26 U.S.C. § 7430(b)(1) and Treas. Reg. § 301.7430-1. He filed two claims for refund, responded to the IRS's request for documentation, and filed a timely written protest requesting review by the IRS Independent Office of Appeals. The IRS never referred the protest to Appeals or offered Plaintiff an Appeals conference.

39. Plaintiff has not unreasonably protracted any portion of the administrative proceedings or this proceeding. 26 U.S.C. § 7430(b)(3). To the contrary, the delays in this matter are attributable to the IRS.

40. Plaintiff's net worth did not exceed $2,000,000 at the time this action was filed. 26 U.S.C. § 7430(c)(4)(A)(ii); 28 U.S.C. § 2412(d)(2)(B).

41. The position of the United States is not substantially justified. 26 U.S.C. § 7430(c)(4)(B). Among other things, the IRS: (a) closed Plaintiff's First Claim on October 24, 2023, before issuing its November 2, 2023 request for supporting documentation; (b) never acknowledged or considered the documentation Plaintiff provided in December 2023; (c) disallowed the Second Claim for lack of substantiation without addressing the identical documentation enclosed with it; (d) failed to refer Plaintiff's protest to Appeals and instead treated it as a new claim; and (e) has refused to accept the Casinos' own player's-card win/loss statements, which are the type of records the IRS itself has recognized as appropriate substantiation of wagering gains and losses in Rev. Proc. 77-29, 1977-2 C.B. 538.

42. To the extent the IRS failed to follow its own published guidance in Rev. Proc. 77-29, its position is presumed not to be substantially justified. 26 U.S.C. § 7430(c)(4)(B)(ii).

43. Upon entry of judgment in Plaintiff's favor, Plaintiff will be the prevailing party within the meaning of 26 U.S.C. § 7430(c)(4)(A), and will further qualify as a prevailing party under 26 U.S.C. § 7430(c)(4)(E) to the extent the judgment equals or exceeds any qualified offer Plaintiff makes under § 7430(g). Plaintiff will timely apply for an award of reasonable litigation costs, including attorneys' fees, in the manner and within the time provided by Federal Rule of Civil Procedure 54(d) and 26 U.S.C. § 7430(c)(4)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against the United States:

(a) On Count I, awarding Plaintiff a refund of federal income tax for Tax Year 2021 in the amount of $45,327, or such other amount as the Court determines Plaintiff overpaid;

(b) Awarding Plaintiff interest on the overpayment as allowed by law, including under 26 U.S.C. § 6611 and 28 U.S.C. § 2411;

(c) Declaring Plaintiff the prevailing party and awarding him reasonable litigation costs, including reasonable attorneys' fees, under 26 U.S.C. § 7430; and

(d) Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to 28 U.S.C. § 2402 and Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 2, 2026

Respectfully submitted,

**MILTON LAW GROUP**

By: /s/ Mark C. Milton
Mark C. Milton, #63101MO
11004 Manchester Road
St. Louis, Missouri 63122
Telephone: (314) 627-2501
Facsimile: (314) 394-3371
mark.milton@miltonlawgroup.com

Attorneys for Plaintiff